Argued and submitted October 19, 1988, affirmed March 8, 1989

## STATE OF OREGON,
*Appellant,*

*v.*

## WILLIAM EVERTON STRANCE,
*Respondent.*

### (352559-8709; CA A47784)

769 P2d 793

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

John Henry Hingson III, Oregon City, argued the cause and submitted the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant was charged with falsifying business records, ORS 165.080, and forgery, ORS 165.007. He filed a pre-trial motion to dismiss the state's complaint on the ground that he was immune from prosecution under ORS 471.770.[1] The trial court granted defendant's motion. The state appeals, and we affirm.

The relevant facts are not in dispute. Defendant was certified by the Oregon Liquor Control Commission (OLCC) to operate an alcohol server education program. On August 31, 1987, OLCC notified defendant that it proposed to cancel his certification on the ground that he had falsified certain records. On October 1, 1987, defendant was arraigned on criminal charges sworn out by an OLCC staff person. OLCC's "third amended notice" of proposed cancellation, served on defendant October 6, 1987, contained allegations generally corresponding to those in its criminal complaint. On October 15, 1987, pursuant to a subpena issued by OLCC, defendant appeared at a deposition and testified under oath regarding the matters alleged in the cancellation notice and essentially admitted the truth of OLCC's charges. At no time during the deposition did he assert a right against self-incrimination. Defendant filed his motion to dismiss the criminal complaint on October 23, 1987.

ORS 471.770 provides:

"*No person shall be excused from testifying* or from producing any books, papers or documents *in any investigation or inquiry* by or upon any hearing before the commission or any commissioner *when ordered so to do by the commission or any of its authorized agents, upon the ground that the testimony,* evidence, books, papers or documents required of the person *may tend to incriminate the person* or subject the person to penalty or forfeiture. *No person shall be prosecuted,* punished or subjected to any penalty or forfeiture *for* or on account of *any* act, transaction, *matter* or thing *concerning which the person shall, under oath, have, by order of the commission,* or a commissioner, *or any of its authorized agents, testified to* or produced documentary evidence of; but no person so testifying shall be exempt from prosecution or

---

[1] The state does not challenge the propriety of the motion.

punishment for any perjury committed by the person in testimony." (Emphasis supplied.)

The state argues that ORS 183.450(1)[2] and ORS 471.765[3] provide that a witness, although subpenaed, may refuse to testify if he or she has a "legal excuse" such as the right against self-incrimination. Thus, it argues, a subpena is not an order by the commission to *testify* but merely to *appear*. Because a subpena is not an order to testify, the state argues, the immunity conferred by the statute is not self-executing. Rather, it requires that, to receive immunity, a witness first invoke the right against self-incrimination, then be ordered by the commission to testify, notwithstanding the right.

We reject the state's argument for two reasons. First, the commission's subpena to defendant clearly ordered him to appear *to testify*. It stated, in part:

"IN THE NAME OF THE STATE OF OREGON:

"*You are hereby commanded to appear* at 4:30 o'clock p.m., Thursday, the 15th day of October, 1987, *as a witness* before the Oregon Liquor Control Commission for a hearing * * * *to testify* in the matter involving the provider certification of William Strance * * *." (Emphasis supplied.)

This language makes it clear that, in subpenaing defendant, OLCC was ordering him to testify under threat of penalty for contempt.[4] Indeed, no reasonable layperson could construe a

---

[2] The relevant portion of ORS 183.450(1) provides that "[a]gencies shall give effect to the rules of privilege recognized by law."

[3] ORS 471.765 provides, in pertinent part:

"If a person in attendance before the commission * * * refuses, without reasonable cause, to be examined or to answer a legal and pertinent question, * * * when ordered so to do by the commission, the commission may apply to the judge of the circuit court [for a show cause order]. * * * If the judge determines that such person has refused, *without reasonable cause or legal excuse,* to be examined or to answer a legal or pertinent question, * * * the judge may forthwith punish the offender for contempt of court." (Emphasis supplied.)

[4] ORS 183.440(2) provides:

"If any party fails to comply with any subpena so issued or any party or witness refuses to testify on any matters on which the party or witness may be lawfully interrogated, the judge of the circuit court of any county, on the application of the agency or of a designated representative of the agency or of the party requesting the issuance of or issuing the subpena, shall compel obedience by proceedings for contempt as in the case of disobedience of the requirements of a subpena issued from such court or a refusal to testify therein."

ORS 471.775(1) states:

"The provisions of ORS 183.440 shall apply to subpenas issued by each member of the commission or any of its authorized agents."

command "to appear * * * as a witness * * * to testify" as anything other than an order to testify. It follows that ORS 471.770 conferred immunity on defendant for his testimony.

Second, like the statute in *State v. Hennessey,* 195 Or at 355, 245 P2d 875 (1952),[5] ORS 471.770 tells the person that he may not refuse to testify on the grounds that his testimony may incriminate him.

> "Under this statute, any person subpoenaed as a witness * * * must testify, irrespective of whether or not his testimony will incriminate himself. He cannot refuse to answer, but he [is] not without protection. The state by this statute trades absolute immunity from prosecution for the individual's constitutional privilege against self-incrimination." 195 Or at 366.

Requiring defendant to claim the privilege against self-incrimination in order to obtain the immunity promised by ORS 471.770 would be to require a "vain and useless thing." 195 Or at 367. More importantly, the statute is clear on its face. It "means to the layman that if he is subpoenaed, and sworn, and testifies, he is to have immunity." *U.S. v. Monia,* 317 US 424, 426, 87 L Ed 2d 376, 63 S Ct 409 (1942) (cited in *State v. Hennessey, supra,* 195 Or at 369). To accept the state's highly technical interpretation would make ORS 471.770 nothing more than a trap for the unwary. As the Court observed in *Hennessey,* we cannot permit a constitutional liberty to be frittered away by a "fine-spun legal technicality." 195 Or at 371. The "subpoena itself is sufficient compulsion to make the immunity effective." 195 Or at 367.

The state contends that interpreting ORS 471.770 to provide automatic immunity for witnesses who testify pursuant to an OLCC subpena could "inadvertently immunize witnesses who should be criminally prosecuted" and permit affirmative abuse of the statute. By ruling that immunity is not granted unless the privilege against self-incrimination is

---

[5] The statute at issue in *Hennessey* was OCLA § 23-932, which provided:

"No person otherwise competent as a witness under the laws of this state shall be disqualified from testifying as such concerning the [gambling] offenses mentioned in this act on the ground that his testimony may incriminate himself. Such testimony shall be reduced to writing, and no indictment or prosecution shall afterwards be brought against him for the particular offense concerning which he testified as a witness."

claimed, however, we would be flying in the face of the statutory pronouncement that "no person shall be prosecuted * * * for * * * any * * * matter * * * concerning which the person shall, under oath, have, by order of the commission * * * testified to." ORS 471.770. If there is a problem, it is a legislative one; the legislature knows how to write an immunity statute that requires the witness to claim the right against self-incrimination before receiving immunity and has done so. *See, e.g.,* ORS 756.549.[6] Any change in the effect of ORS 471.770 must come from the legislature, not the courts.

The trial court properly dismissed the complaint.

Affirmed.

---

[6] ORS 756.549 provides:

"(1) No person shall be excused from testifying or from producing evidence in any proceeding held by the commission on the ground that the testimony or evidence required of the person may tend to incriminate the person or subject the person to prosecution, penalty or forfeiture if:

"(a) The person has been directed by the commission to testify or produce evidence under oath;

"(b) The person claims, at the time the person is directed by the commission to testify or produce evidence, that the testimony or evidence required of the person may tend to incriminate the person or subject the person to prosecution, penalty or forfeiture; and

"(c) The commission specifically grants the person immunity from prosecution, penalty or forfeiture regarding those matters about which the person testifies or produces evidence as directed.

"(2) Except for prosecution and punishment for perjury, no person who testifies or produces evidence in accordance with subsection (1) of this section shall be prosecuted or subjected to any penalty or forfeiture concerning any matter about which the person so testified or produced evidence."